UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNELL BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-4114 |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim

1

for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff complains about inadequate dental care at the facility. Plaintiff names the Illinois Department of Human Services ("IDHS") as the sole Defendant, but the IDHS does not qualify as a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 suit. *See generally Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Furthermore, as a department of the State of Illinois, the IDHS is immune from suit under the Eleventh Amendment. *See Hargett v. Baker*, No. 02-1456, 2002 WL 1732911, at *2 (N.D. Ill. July 26, 2002) (dismissing § 1983 claim against the IDHS due to the "well-established principle that states and state agencies enjoy immunity from suit in federal courts under the Eleventh Amendment."). It does not appear that Plaintiff can assert a claim under Section 1983 against the IDHS; however, out of an abundance of caution, Defendant IDHS will be dismissed without prejudice and Plaintiff will be given leave to file an amended complaint. *See Davis v. Dep't of Hum. Servs.*, No. 13-CV-01260-JPG, 2014 WL 87995, at *2 (S.D. Ill. Jan. 9, 2014) (dismissing Department Human Services without prejudice).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff the opportunity to file an Amended Complaint within 30 days of this Order. Failure to file a timely Amended

Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

    2)    Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3], Motions to Request Counsel [5], [6], and Motion to Waive Filing Fees [8] are DENIED with leave to reassert if he files an Amended Complaint.

ENTERED: 12/18/23

                                                 s/ James E. Shadid
                                                 James E. Shadid
                                                 United States District Judge